UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMANTHKUMAR JAMBULINGHAM, Plaintiff, v. DEFENDANT 1, et al., Defendants. | Case No. 24-cv-05792-AMO **ORDER DENYING APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA** Re: Dkt. No. 23 |

Before the Court is Plaintiff Hemanthkumar Jambulingam's Ex Parte Application for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference. Jambulingam seeks a subpoena to compel non-parties KuCoin and OKX, cryptocurrency exchanges, to identify the unknown individuals involved in the alleged theft of Jambulingam's cryptocurrency. For the reasons discussed below, the Court **DENIES** Jambulingam's request without prejudice.

**I.     BACKGROUND**

Defendant 1 and Defendant 2 (collectively, "Defendants") are unknown individuals who made misrepresentations to Jambulingam about two purported cryptocurrency platforms, Flashwang.com and BingSV.com. Compl. ¶¶ 7-8. Unbeknownst to Jambulingam, these platforms were fraudulent "copycat" exchanges. Compl. ¶ 15. Relying on Defendants' false representations, Jambulingam began transferring cryptocurrency to the fraudulent platforms from legitimate third-party online cryptocurrency platforms, such as CashApp, Coinbase, Crypto.com, and Robinhood. Compl. ¶ 21. Because of Defendants' misrepresentations, Jambulingam believed he had made significant money from the investment, and continued to transfer cryptocurrency to the fraudulent exchanges. Compl. ¶ 23. Upon attempting to withdraw his cryptocurrency from the fraudulent exchanges, Jambulingam was instructed by Defendants and individuals claiming to

be Flashwang.com and BingSV.com customer representatives that before he could withdraw his cryptocurrency, he was required to transfer additional cryptocurrency to those exchanges to pay taxes associated with his earnings. Compl. ¶ 26. Jambulingam then realized he had been scammed out of cryptocurrency with an approximate value of $182,278.00. Compl. ¶¶ 1, 31. After numerous unsuccessful attempts to transfer the cryptocurrency from Flashwang.com and BingSV.com to his Crypto.com wallet, he retained forensic cryptocurrency tracing experts who traced his stolen assets on the blockchain. Compl. ¶¶ 26, 32. The tracing experts tracked the stolen cryptocurrency to electronic wallets at two exchanges: KuCoin and OKX. *See* Compl., Exhibit A, at 32-33. On March 15, 2024, Jambulingam filed a complaint in the Northern District of Florida for conversion, unjust enrichment, imposition of constructive trust and disgorgement of funds, and conspiracy to commit conversion and unjust enrichment. ECF 1. The case was transferred to this Court on August 23, 2024. ECF 14.

## II.     LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" in support of early discovery. *See, e.g.*, *IO Grp., Inc. v. Does 1-65*, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (citations omitted). "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the

1  plaintiff should be given an opportunity through discovery to identify the unknown defendants,
2  unless it is clear that discovery would not uncover the identities, or that the complaint would be
3  dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

### III.   DISCUSSION

Jambulingam seeks to serve third-party subpoenas on the cryptocurrency exchanges holding the wallets involved in the wrongful appropriation of his assets, including KuCoin and OKX.  ECF 23 at 2-3.  He argues that good cause exists to authorize early discovery to determine the Defendants' identity because the discovery sought is necessary and narrowly tailored.  *Id.* Jambulingam seeks the following information about the wallets associated with the theft: (1) the account holder's name, address, phone number, and email address; (2) Know Your Customer (KYC) information, including wallet owners' names, addresses, phone numbers, and email addresses; and (3) account balances.  ECF 23 at 7.

The Court finds that Jambulingam has not demonstrated good cause for this early discovery, as he has not satisfied the first *seescandy.com* factor, which requires that a plaintiff sufficiently identify the missing party so that "the Court can determine that defendant is a real person or entity who could be sued in federal court." *seescandy.com*, 185 F.R.D. at 578.  This factor "is necessary to ensure that federal requirements of jurisdiction and justiciability can be satisfied." *Id.*  Specifically, "[c]ourts examining this factor have considered whether the plaintiff has shown that the court will likely have personal jurisdiction over the defendant." *Bungie, Inc. v. Thorpe*, No. 21-CV-05677-EMC-DMR, 2021 WL 5178825, at *3 (N.D. Cal. Nov. 8, 2021); *see also Binbit Argentina, S.A. v. Does 1-25*, No. 19-CV-05384-KAW, 2021 WL 4497873, at *1 (N.D. Cal. Jan. 21, 2021) (finding first factor met where defendants contracted with third party and agreed to forum selection clauses in the district, which constituted an affirmative act indicating consent to personal jurisdiction); *AF Holdings LLC v. Does 1-135*, No. C11-03336 JF HRL, 2011 WL 3359991, at *3 (N.D. Cal. Aug. 2, 2011) (finding first factor met where plaintiff used geolocation technology to trace defendants' IP addresses to a point of origin within California, assuring the court that it likely had jurisdiction over defendants).

Jambulingam has not made such a showing here.  Jambulingam alleges Defendants are

3

individuals with whom he communicated over messaging platforms such as Telegram and WhatsApp, ECF 23 at 4, and represents that they likely reside abroad, *see id.* at 2, 4; *see also* Compl. ¶ 7 ("The parties' communications consistently demonstrated Defendant '1' was likely located outside of the United States."); Compl. ¶ 8 (same, as to Defendant 2).  For a court to have specific jurisdiction over a non-resident defendant, the defendant must have "certain minimum contacts" with the forum state, *Walden v. Fiore*, 571 U.S. 277, 284 (2014), or with the United States "as a whole," *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).  To determine whether a defendant has sufficient "minimum contacts," courts must determine (1) that the defendant has "purposefully directed" its activities to the forum or "purposefully availed" itself of the privileges of conducting activities in the forum; (2) that the claim is "one which arises out of or relates to the defendant's forum-related activities," and (3) the exercise of jurisdiction would be reasonable.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

  Jambulingam does not engage with the legal standard, and his relevant allegations are general and conclusory.  For example, his complaint alleges that Defendants "direct business activities toward and conduct business with consumers throughout the United States . . . through at least a fraudulent website . . . which can be accessed on the internet and on smartphones." Compl. ¶ 11.  Moreover, his motion to transfer the case from the Northern District of Florida states that "Defendants are subject to personal jurisdiction in the Northern District of California, where they directed their fraudulent communications, where Plaintiff accessed the fraudulent websites . . . , where Plaintiff transferred his assets to the fraudulent exchanges, and where he suffered significant economic harm." ECF 13 at 4.  While the Court recognizes that "this is precisely the type of case for which expedited jurisdictional discovery is often appropriate, because plaintiff is ignorant of both the identity and geographical location of the Doe defendants," *808 Holdings LLC v. Collective of Jan. 3, 2012 Sharing Hash*, No. CV-12-2251-CAS, 2012 WL 1301275, at *5 (C.D. Cal. Oct. 1, 2012), plaintiffs bear the burden of establishing jurisdictional facts, *see Wells Fargo &*

4

*Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977), and Jambulingam has not met his burden here. Jambulingam must "provide concrete information supporting personal jurisdiction" in this Court, and his "conclusory statements . . . do not meet the standard sufficient to show good cause to depart from normal discovery procedures." *Bungie, Inc.*, 2021 WL 5178825, at *3 (citing *seescandy.com*, 185 F.R.D. at 577). Accordingly, having found that Jambulingam has not satisfied the first *seescandy.com* factor, the Court does not address the remaining factors and denies Jambulingam's motion without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice Jambulingam's application for leave to file a third-party subpoena.

**IT IS SO ORDERED.**

Dated: February 20, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**