UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMANTHKUMAR JAMBULINGAM, <br><br> Plaintiff, <br><br> v. <br><br> DEFENDANT 1, et al., <br><br> Defendants. | Case No. 24-cv-05792-AMO <br><br> **ORDER DISCHARGING ORDER TO SHOW CAUSE AND DENYING RENEWED EX PARTE MOTION FOR THIRD-PARTY DISCOVERY** <br><br> Re: Dkt. No. 33 |

Before the Court is Plaintiff Hemanthkumar Jambulingam's response to the Court's order to show cause, ECF 29, and his renewed ex parte application for leave to serve third-party subpoenas prior to a Rule 26(f) conference, ECF 33 ("Mot."). This Order assumes familiarity with the facts and procedural history of the case. Having reviewed Jambulingam's submissions, as well as the relevant legal authority, the Court **DISCHARGES** its order to show cause and **DENIES** the renewed motion.

The Court denied Jambulingam's initial motion for failure to establish the first *seescandy.com* factor. ECF 24. Jambulingam had not shown it was likely that the Court had personal jurisdiction over Defendants, who he alleges likely reside abroad. *Id.* Jambulingam's renewed motion again fails to persuade the Court that it has personal jurisdiction over the Defendants. For the Court to have personal jurisdiction over Defendants, Defendants must have purposefully directed activities toward the forum, the claims must arise out of or relate to Defendants' forum-related activities, and the exercise of jurisdiction must comport with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.

2004).[1]  Jambulingam argues that Defendants have purposefully directed their activities to California because Jambulingam is a California resident, he accessed the allegedly fraudulent websites while in California using a California-based IP address, and he transferred his cryptocurrency from accounts registered to him in California.  Mot. at 13.  But purposeful direction requires a showing of an intentional act expressly aimed at the forum and causing harm the defendant knows is likely to be suffered in the forum.  *Id.* at 803 (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).  While the Court understands the nature of the fraud alleged here means Jambulingam may know little about Defendants, Jambulingam asserts no facts supporting the inference that Defendants knew he was a California resident, much less that Defendants expressly aimed their conduct toward California.

Accordingly, while Jambulingam has "sufficiently identified [Defendants] to establish that they are real persons and entities that may be sued," he has not established that they "may be sued in this court."  *Bungie, Inc. v. Thorpe*, No. 21CV05677-EMC-DMR, 2021 WL 5178825, at *4 (N.D. Cal. Nov. 8, 2021).  While district courts "have jurisdiction to determine the facts relevant to whether or not it has in personam jurisdiction in a given case," and "[a] district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion," the *seescandy.com* factors are "limiting principles" for courts to "apply to the determination of whether discovery to uncover the identity of a defendant is warranted."  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).  Because Jambulingam has not pleaded facts from which the Court can infer it likely has personal jurisdiction over the Defendants, the Court declines to exercise its discretion to grant discovery and **DENIES** the motion.  Denial is without prejudice in the event

---

[1] Under Federal Rule of Civil Procedure 4(k)(2), a court has personal jurisdiction over claims arising under federal law where the defendant is not subject to the jurisdiction of any state's courts of general jurisdiction and where exercising jurisdiction would be consistent with U.S. law.  Because Jambulingam only asserts state law claims, Rule 4(k)(2) cannot provide for jurisdiction here.  *See* Fed. R. Civ. P. 4(k)(2) (noting the rule applies "[f]or a claim that arises under federal law").  In any case, the Rule 4(k)(2) analysis requires that the defendant purposefully directed their activities toward the United States, and Jambulingam alleges no such facts here, either.

Jambulingam has additional evidence supporting a finding of personal jurisdiction over Defendants. Further, the Court **DISCHARGES** its order to show cause why the case should not be dismissed for failure to prosecute. However, the Court **ORDERS** Jambulingam to serve Defendants within 60 days. Absent further order, failure to serve Defendants within this time will result in dismissal of this case for failure to serve Defendants. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: August 18, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**