UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMANTHKUMAR JAMBULINGHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEFENDANT 1, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-05792-AMO<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On March 15, 2024, Plaintiff Hemanthkumar Jambulingam[1] filed a complaint in the Northern District of Florida against unnamed Defendants for cryptocurrency fraud. Dkt. No. 1. On August 21, 2024, this case was transferred to the Northern District of California. Dkt. No. 14. On November 25, 2024, the Court vacated a scheduled initial case management conference because Defendants had yet to appear in the case. Dkt. No. 22. The Court also ordered Jambulingam to "file a motion to move this case forward by whatever means they deem prudent by no later than January 10, 2025." *Id.* On January 10, 2025, Jambulingam filed a motion for leave to serve third-party subpoenas. Dkt. No. 23. The Court denied the motion without prejudice on February 20, 2025. Dkt. No. 24. On July 8, 2025, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute because Jambulingam had not filed any motions to advance the case. Dkt. No. 29. On August 5, 2025, Jambulingam filed a response to the order to show cause, Dkt. No. 30, and on August 9, 2025, Jambulingam filed a renewed motion for leave to serve third-party subpoenas, Dkt. No. 33. The renewed motion stated that

---

[1] While the case caption spells Plaintiff's last name as "Jambulingham" – as Plaintiff's attorney initially spelled it – throughout this order, the Court refers to Plaintiff as "Jambulingam" as this is the way Plaintiff's counsel has subsequently spelled his name.

Jambulingam sought leave to serve third-party subpoenas "to identify and serve the Defendants." *Id.* at 2.

On August 18, 2025, the Court denied Jambulingam's motion, discharged its order to show cause, and ordered Jambulingam to serve Defendants within 60 days. Dkt. No. 34. The Court warned Jambulingam that failure to serve Defendants within that time would result in dismissal of this case under Federal Rule of Civil Procedure 4(m), which requires service of defendants within 90 days after the complaint is filed. *Id.* at 3. As of today, it has been 123 days since August 18, and Jambulingam has not filed a proof of service with the Court. Therefore, the Court DISMISSES this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Alternatively, the Court DISMISSES this case without prejudice for failure to prosecute. *See* Fed. R. Civ. Pro. 41(b). The Court cautioned Jambulingam that it was considering dismissing this case for failure to prosecute on July 8, 2025. Dkt. 29. Jambulingam has not filed anything on the docket since the Court's order denying leave to serve third-party subpoenas, over three months ago. Therefore, the Court finds that Jambulingam has failed to prosecute this case.

**IT IS SO ORDERED.**

Dated: December 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2